M. MORGENTHAU-SEIXAS COMPANY, INC., OF NEW YORK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42946. Promulgated April 22, 1932.

*Jesse L. Stern, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

1236

OPINION.

TRAMMELL: The issue presented for our determination is whether the petitioner is entitled to a deduction from gross income in 1925 of $4,000 as a reasonable addition to a reserve for bad debts.

The petitioner contends that in its return for 1921 it elected to use the reserve for bad debts method in making deductions for bad debts and as it has never changed its method in that respect it is

entitled to use the same method for the taxable year. With respect to its failure to make an addition to its reserve for bad debts in 1921, the petitioner urges that it had no bad debts in that year and there was no occasion to create a larger reserve. The respondent contends that the 1921 return shows an intention on the part of the petitioner to write off specific bad debts. He further contends that, if it be held that the petitioner made no election for 1921 as to the method it would follow with respect to bad debts, it made an election to charge off specific bad debts for 1922, and that, having made this election, it may not change to the reserve basis without permission, which the evidence does not show was obtained.

The evidence does not disclose what a reasonable addition to the reserve for bad debts for the taxable year would be. This being true, we could not find that the petitioner is entitled to the deduction claimed, even if it were entitled to use the reserve method in 1925 in charging off bad debts.

The basis elected for 1921, that is, either the specific charge-off method or the reserve method, must be followed in subsequent years unless the respondent's permission to change is first obtained. *Kay Manufacturing Co.*, 18 B. T. A. 753. But if the petitioner made no election in 1921 because it had no occasion to take a deduction upon either method, it might adopt one method or another in 1922.

We think, however, that for both 1921 and 1922 the petitioner in its returns has indicated an intention to use the specific bad debt charge-off method of deductions. While a certain amount of reserve was carried on the books for bad debts in 1921, and there appeared on the books at the beginning of 1922 such a reserve, there was no reserve at the end of that year, but a specific charge-off of debts ascertained to be worthless. In so far as the deduction claimed is concerned, however, no use was made of any reserve. For 1921 a charge-off was made for a specific bad debt in its return, although it was found that the debt was not bad. In 1922 another charge-off was made for a bad debt and the reserve method was not used in the return. No addition to reserve for bad debts was claimed as a deduction in either of these years. We are of the opinion, therefore, that the action of the respondent in disallowing as a deduction in the taxable year an amount set up as a reserve for bad debts is correct.

At the hearing the petitioner moved to amend its petition so as to set up a claim for the elimination of certain items from income. The presiding member ruled that the motion would be granted upon the petitioner complying with certain specified requirements as to the form in which the motion and the amendments should be made and the time within which they should be presented. As the petitioner did not comply with such requirements, the amendment is not

properly before us; but, if it were, the issue presented thereby would have to be denied, since the petitioner offered no admissible evidence in support thereof.

*Judgment will be entered for the respondent.*